IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GLENDA WORDEN,

    Plaintiff,　　　　　　　　　　　　　　　Case No. 3:14-cv-438

vs.

COMMISSIONER OF　　　　　　　　　　　　Magistrate Judge Michael J. Newman
SOCIAL SECURITY,　　　　　　　　　　　　(Consent Case)

    Defendant.

---

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR AN IMMEDIATE AWARD OF BENEFITS; AND (3) TERMINATING THIS CASE**

---

    This Social Security disability benefits appeal is presently before the undersigned for disposition based upon the parties' consent. Doc. 15. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI"). This case is before the Court upon Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 12), Plaintiff's reply (doc. 13), the administrative record (doc. 6),[1] and the record as a whole.

**I.**

**A.**　**Procedural History**

    Plaintiff filed for SSI on July 25, 2011. PageID 41. She claims disability as a result of a number of alleged impairments including, *inter alia*, bipolar disorder, major depressive disorder, posttraumatic stress disorder, panic disorder, and borderline personality disorder. PageID 43.

---

[1] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After initial denials of her application, Plaintiff received a hearing before ALJ John S. Pope.  PageID 60-107.  The ALJ issued a written decision on August 6, 2013 finding Plaintiff not disabled.  PageID 41-53.  Specifically, the ALJ's findings were as follows:

1. The claimant has not engaged in substantial gainful activity since July 25, 2011, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: chronic hepatitis C, polysubstance abuse in reported remission, lumbar spine arthralgias, bipolar affective disorder, major depressive disorder without psychotic features, posttraumatic stress disorder, panic disorder without agoraphobia, and borderline personality disorder (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ["RFC"] to perform light work as defined at 20 CFR 416.967(b)[2] except she is limited to simple instruction in a routine low-stress work setting, where concentration needed is short-term and only superficial contact with others.  Furthermore, she should not work around children or engage in driving.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born [in] 1970 and was 41 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

---

[2] The Social Security Administration classifies jobs as sedentary, light, medium, heavy, and very heavy depending on the physical exertion requirements.  20 C.F.R. § 416.967.  Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  *Id.* § 416.967(b).  An individual who can perform light work is presumed also able to perform sedentary work.  *Id.*  Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties."  *Id.* § 416.967(a).

    8.       Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    9.       Considering the claimant's age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

    10.      The claimant has not been under a disability, as defined in the Social Security Act, since July 25, 2011, the date the application was filed (20 CFR 416.920(g)).

PageID 43-53.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 31-33. Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007) (noting that, "[u]nder the Federal Rules of Appellate Procedure, [claimant] had 60 days from the Appeals Council's notice of denial in which to file his appeal").

    **B.**    **Evidence of Record**

In his decision, the ALJ set forth a detailed recitation of the underlying evidence in this case. PageID 45-51. Plaintiff, in her Statement of Errors, summarizes the record evidence. Doc. 9 at PageID 627-32. The Commissioner's response to the Statement of Errors offers no objections to Plaintiff's summary of relevant facts. Doc. 12 at PageID 653. Accordingly, except as otherwise noted in this Decision and Entry, the undersigned incorporates the ALJ's recitation of the evidence as well as Plaintiff's summary of the evidentiary record. Where applicable, the Court will identify the medical evidence relevant to this decision.

## II.

### A. Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B. "Disability" Defined

To qualify for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are "medically determinable";

4

expected to result in death or which have lasted or can be expected to last for a continuous period of not less than twelve months; and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful work" that is available in the regional or national economies. *Id*. §§ 1382c(a)(3)(A), (B).

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 416.920(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 416.920(a)(4); *see also Miller v. Comm'r of Soc. Sec.*, 181 F.Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

On appeal, Plaintiff argues that the ALJ erred: (1) in weighing the opinions of treating psychiatrist Mahmood Rahman, M.D.,[3] examining psychologist Michael W. Firmin, Ph.D., and record-reviewing psychologists Caroline Lewin, Ph.D. and Mel Zwissler, Ph.D.; and (2) assessing her credibility and daily activities.  Doc. 9 at PageID 632-33.  The Court finds error in the ALJ's assessment of weight accorded to all of the foregoing medical source opinions and, therefore, that the non-disability finding must be reversed.

"[T]he Commissioner's regulations establish a hierarchy of acceptable medical source opinions[.]"  *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013).  Treating physicians and psychologists top the hierarchy.  *Id.*  "Next in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once."  *Id.*  "[N]on-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions."  *Id*.  "The regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker."  *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)).

"An ALJ is required to give controlling weight to 'a treating source's opinion on the issue(s) of the nature and severity of [the claimant's] impairment(s)' if the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'"  *LaRiccia v. Comm'r of Soc. Sec.,* 549 F. App'x 377, 385 (6th Cir. 2013) (citation omitted) (alterations in original).  This requirement is known as the "treating physician" rule.  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citation omitted).  Greater deference is given to treating source

---

[3] The Commissioner does not contest the fact that Dr. Rahman is a treating physician.  *See* doc. 12 at PageID 654.

opinions "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 416.9227(c)(2); *see also Blakley*, 581 F.3d at 406. Thus, an ALJ must give controlling weight to a treating source if the ALJ finds the treating physician's opinion well-supported by medically acceptable evidence and not inconsistent with other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Closely associated with the treating physician rule is the "good reasons rule," which "require[s] the ALJ to always give good reasons in [the] notice of determination or decision for the weight given to the claimant's treating source's opinion." *Blakley*, 581 F.3d at 406-07. "Those good reasons must be 'supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Id.*

Thus, when the ALJ declines to give controlling weight to a treating physician's assessment, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Id*. at 406; *see also* 20 C.F.R. § 416.927(c).[4] In addition, unless the opinion of the

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12 CV 3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 416.927. *Id.*

7

treating source is entitled to controlling weight, an ALJ must "evaluate all medical opinions according to [these] factors, regardless of their source[.]" *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

An ALJ is not required to accept a physician's conclusion that his or her patient is "unemployable." Whether a person is disabled within the meaning of the Social Security Act is an issue reserved to the Commissioner, and a treating physician's opinion -- that his or her patient is disabled -- is not "give[n] any special significance." 20 C.F.R. § 416.927; *see Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (stating that "[t]he determination of disability is ultimately the prerogative of the Commissioner, not the treating physician"). However, "[t]here remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference." *Hensley v. Astrue*, 573 F.3d 263, 266 (6th Cir. 2009).

The Court first addresses the ALJ's assessment of weight accorded to the opinion of Plaintiff's treating psychiatrist, Dr. Rahman, who found that Plaintiff had "marked" impairment[5] in a number of areas of mental functioning and would miss more than three days of work per month as a result of her mental impairments. PageID 618. The ALJ gave Dr. Rahman's opinion "little weight" because he treated Plaintiff only "for five months prior to issuing [his] opinion and his opinion appears to be [based] mainly on [Plaintiff's] subjective reports." PageID 50.

Initially, the undersigned notes that, although Dr. Rahman is, without dispute, a treating psychiatrist, the ALJ failed to mention the concept of controlling weight and conducted no specific controlling weight analysis in weighing his opinion, *i.e.*, whether his opinion is "well supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the case record." *See* 20 C.F.R. § 416.927(c)(2).

---

[5] Whereas "moderate" functional limitations are "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App's 977, 980 (6th Cir. 2011), "marked" and "extreme" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 12.00(C), *et seq.*

Thus, the Court cannot determine whether the ALJ undertook the "two-step inquiry" required when analyzing treating source opinions. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376-78 (6th Cir. 2013). The lack of explanation regarding the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Id*. Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *4 (S.D. Ohio Aug. 19, 2014).

Further, the reasons given by the ALJ for affording Dr. Rahman's opinion "little weight" are not good reasons. First, while the ALJ discounted Dr. Rahman's opinion based upon the fact that he had "only seen [Plaintiff] for five months prior to issuing this opinion[,]" the ALJ failed to apply the same reasoning when relying on the opinions of the record-reviewing physicians who never saw Plaintiff at any time. *See Hollon v. Comm'r of Soc. Sec.*, No. 3:14-CV-162, 2015 WL 4592206, at *5 (S.D. Ohio July 29, 2015) (holding that, "[w]hile the length, nature, and extent of a treatment relationship is a factor upon which the ALJ can reduce the weight given a medical source opinion, *see* 20 C.F.R. § 416.927(c), such a reason is not a 'good reason' to afford lesser weight . . . in the absence of any meaningful explanation as to why such factor did not apply more significantly to   . . . [the opinions of] a doctor who never saw Plaintiff"). It is error for an ALJ to more strictly scrutinize the opinion of a treating physician. *Gayheart*, 710 F.3d at 379 (stating that "[a] more rigorous scrutiny of the treating-source opinion than the nontreating and nonexamining opinions is precisely the inverse of the analysis that the regulation[s] require").

The Court also finds error in the ALJ's conclusion that Dr. Rahman's "opinion appears to be based mainly on the claimant's subjective reports." *See* PageID 50. First, even assuming, *arguendo*, that Dr. Rahman relied "mainly on [Plaintiff's] subjective reports," the Sixth Circuit

9

has concluded that rejecting a mental health doctor's opinion on such a basis is not a good reason. *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 526 (6th Cir. 2014). Nevertheless, Dr. Rahman's records -- as well as his opinion -- consistently note more than subjective complaints, such as objective clinical findings of Plaintiff's anxious, guarded, and agitated appearance. PageID 612-17.[6]

With regard to record-reviewers Lewin and Zwissler, the ALJ's analysis is conclusory and lacking in meaningful explanation. *See* PageID 51. In total, when weighing these opinions, the ALJ stated only:

> The State agency psychological consultants' assessments are given great weight because not only were they rendered by expert medical personnel but they are consistent with the other objective medical evidence of record and they are consistent with the claimant's alleged activities of daily living. The State agency psychological consultants are well-versed in the assessment of functionality as it pertains to the disability provision of the Social Security Act as amended. The state agency consultants reviewed the medical evidence of record.

*Id*. Although finding these opinions "consistent with the other objective medical evidence of record," the ALJ provides no insight with regard to such objective evidence. *Id*. Further, simply restating a medical source's opinion -- and offering a conclusory assessment of the weight given, without further discussion -- fails to satisfy the requirement that the ALJ provide meaningful explanation of the weight given to all medical opinion evidence of record. *See* 20 C.F.R. § 416.927(c); *see also Aytch*, 2014 WL 4080075, at *5-6 (citing *Chavez v. Astrue*, No. 12-cv-00627-LTB, 2012 WL 5250396, at *7 (D. Colo. Oct. 24, 2012) (finding the ALJ's explanation "lacking" where the ALJ merely "recapitulated" the reasons stated by the medical

---

[6] The ALJ also erroneously rejected Dr. Firmin's opinion on this basis and incorrectly concluded that Dr. Firmin gave only a Global Assessment of Functioning ("GAF") score without providing "the specific limitations assessed." PageID 49. In his report, Dr. Firmin detailed very specific functional limitations -- such as "conflicts with getting along adequately without authority or authority figures[,]" and that her "capacity for handling stress in the workplace appears to be generally lacking." PageID 341-42.

expert for disagreeing with the opinion of a treating physician and failed to "provide his reasons for according [the] opinion the . . . weight he did"). Accordingly, the ALJ's assessment of the record-reviewers' opinions is unsupported by substantial evidence.

Based upon all of the foregoing, the Court concludes that the non-disability finding must be reversed as a result of the ALJ's failure to properly weigh medical source opinions regarding Plaintiff's mental health limitations.

### IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987).

In this instance, proof of disability is overwhelming based upon the opinion of treating psychiatrist Dr. Rahman and the consistent opinion of examining psychologist Dr. Firmin. Dr. Rahman found that, as a result of Plaintiff's mental impairments, she would miss more than three days of work per month. *See* PageID 618. The vocational expert ("VE") testified that an individual displaying such a rate of absenteeism would be unemployable. *See* PageID 103. Accordingly, this case must be remanded for an immediate award of benefits.

**V.**

For the foregoing reasons: (1) the ALJ's non-disability finding is found unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** for an immediate award of benefits; and (3) this case is **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.


Date:  March 7, 2016                                                                       *s/ Michael J. Newman*
                                                                                              Michael J. Newman
                                                                                              United States Magistrate Judge